

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
February 25, 1966

Honorable Don Hall
Criminal District Attorney
Waco, Texas

Dear Mr. Hall

Opinion No. C-626

Re: Suspension of driver's
license of defendants after
being convicted of the mis-
demeanor offense of DWI or
the felony offense of DWI
second offense and being
placed on probation.

In a recent opinion request of this office you posed the following question:

> "Whether a person pleading guilty to DWI 2nd offense, under the new Code of Criminal Procedure, and receiving a probated sentence will automatically lose his driver's license."

In addition, in your opinion request you set out the following paragraph:

> "We would in particular appreciate this opinion to consider the question in misdemeanor DWI pleas in which, it is our understanding, that a plea of guilty resulting in probation does not require automatic loss of driving privileges."

This opinion will, therefore, not only consider whether or not a person automatically loses his driver's license after pleading guilty to driving while intoxicated, second offense, and is placed on probation, but will also pertain to possible loss of driving privileges when a person pleads guilty to the misdemeanor offense of driving while intoxicated and is placed on probation.

Article 6687b, Section 24(a), Vernon's Civil Statutes, provides as follows:

> "The license of any person shall be auto-matically suspended upon final conviction of any of the following offenses:

". . .

"2.  Driving a motor vehicle while under
the influence of intoxicating liquor
or narcotic drugs;"

Article 6687b, Section 25 (c), second paragraph
states as follows:

"Provided, however, that in case of
conviction for any of the offenses en-
umerated in paragraph (a) of Section
24 of this Act, and the sentence of the
court having been suspended as provided
in the Statutes, such suspended sentence
shall not mitigate against the suspen-
sion of the operator's, commercial
operator's, or chauffer's license of the
person convicted."

It seems clear that the legislature has evidenced
its intent that a person finally convicted of the offense
of driving while intoxicated shall lose his driving privileges
even though as a result of said conviction his sentence
is suspended.

Article 54.02, Vernon's Code of Criminal Procedure,
1966, expressly repeals Articles 766 through 781, Vernon's
Code of Criminal Procedure, 1925, which authorized sus-
pended sentences in Texas.  Therefore, Texas no longer has
what was commonly referred to as a suspended sentence.
However, Article 42.12, Vernon's Code of Criminal Procedure,
1966, commonly referred to as the Adult Probation and Parole
Law, authorizes, under certain circumstances, the suspension
of sentence and placing on probation of a defendant convicted
of a felony.  Article 42.12A, Section 1 (b), defines "probation"
as follows:

"'Probation' shall mean the release of a
convicted defendant by a court under
conditions imposed by the court for a
specified period during which the im-
position of sentence is suspended."

Article 42.12B, Section 3, provides as follows:

"The judges of the courts of the State of
Texas having original jurisdiction of
criminal actions, when it shall appear to

the satisfaction of the court that the
ends of justice and the best interests
of the public as well as the defendant
will be subserved thereby, shall have
the power, after conviction or a plea
of guilty for any crime or offense,
where the maximum punishment assessed
against the defendant does not exceed
ten years imprisonment, to suspend the
imposition of the sentence, and may
place the defendant on probation or im-
pose a fine applicable to the offense
committed and also place the defendant
on probation as hereinafter provided.
Any such person placed on probation,
whether in a trial by jury or before
the court, shall be under the super-
vision of such court."

It is thus seen that although we no longer have in
Texas a suspended sentence law, Article 42.12, which authorizes
the granting of probation under certain circumstances
speaks in terms of the sentence being suspended when a
defendant is placed on probation. It is the opinion of this
office, therefore, that when a person is convicted of the
felony offense of driving while intoxicated, second offense,
and placed on probation in accordance with the terms of
Article 42.12, Article 6687b, Section 25 (c), second para-
graph requires that his dirvier's license shall be sus-
pended, and he shall lose his driving privileges in accor-
dance with the terms of said article.

This office is not unmindful that it can be argued
that Article 42.12, applies to misdemeanor convictions as
well as felony convictions. Said Article makes no distinction
between felonies and misdemeanors but rather, as seen by
Section 3, simply states that the judges of the courts of
Texas may grant probation under certain conditions after
conviction or on a plea of guilty for any crime or offense
where the maximum punishment assessed against the defendant
does not exceed ten years imprisonment. Standing alone this
language could be construed as meaning that the legislature
intended for Article 42.12, to apply to misdemeanors as well
as felonies. However, since the legislature enacted Article
42.13, Vernon's Code of Criminal Procedure, 1966, designated
as the Misdemeanor Probation Law, it is the opinion of this
office that the legislature has evidenced its intent by the
enactment of said special statute that the granting of mis-
demeanor probations is to be governed by Article 42.13,

rather than Article 42.12. It is our opinion, therefore, that whether a person loses his driver's license after being placed on probation after conviction of the misdemeanor offense of driving while intoxicated depends upon the construction of Article 42.13, in conjuction with Article 6687b, rather than upon the reasoning above set out with regard to a conviction for the felony offense of driving while intoxicated, second offense.

Prior to January 1, 1966, there was no sentence in a misdemeanor case in Texas. Nor was there available after a misdemeanor conviction a suspended sentence or a probated sentence. However, Article 42.02, Vernon's Code of Criminal Procedure, 1966, states as follows:

> "A 'sentence' is the order of the court in a felony or a misdemeanor case made in the presence of the defendant, except in misdemeanor cases where maximum possible punishment is by fine only, and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law."

It is thus seen that there is now a sentence in misdemeanor cases in Texas, except where the maximum possible punishment is by fine only, and if a person convicted of the misdemeanor offense of driving while intoxicated were placed on probation and his sentence suspended in accordance with Article 42.12, then the above set out reasoning with regard to driving while intoxicated felony offenses would apply. However, as stated previously, it is our opinion that Article 42.13, the Misdemeanor Probation Law, governs the granting of probation in misdemeanor cases. Therefore, we must look to the terms of said Article to determine whether a person convicted of the misdemeanor offense of driving while intoxicated automatically loses his driver's license upon conviction and being placed on probation for said offense.

Article 42.13, makes no reference to the suspension of sentence in connection with placing a defendant on probation in a misdemeanor case. Rather, Section 4 (a) of said Article states as follows:

> "When a defendant is granted probation under the terms of this Act, the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article."

Article 42.13, Section 6, is as follows:

"(a)  If a probationer violates any term of his probation, the court may cause his arrest by warrant as in other cases. The probationer upon arrest shall be brought promptly before the court causing his arrest and the court, upon motion of the state and after a hearing without a jury may continue, modify or revoke the probation as the evidence warrants.

"(b)  On the date the probation is revoked, the finding of guilty becomes final and the court shall render judgment thereon against the defendant. The judgment shall be enforced as in other cases and the time served on probation may not be credited or otherwise considered for any purpose."

Since Article 42.13, makes no reference to the suspension of sentence in misdemeanor cases when probation has been granted, and furthermore, since Section 4 of said Article precludes the court from even entering judgment upon a finding of guilty except if and when said probation is revoked as provided in Section 6 of that Article, it is the opinion of this office that a person placed on probation after being found guilty of the misdemeanor offense of driving while intoxicated does not automatically lose his driver's license since Article 6687b, Section 25 (c) is not applicable unless and until the probation is revoked as provided in Article 42.13, Section 6.

## S U M M A R Y

A person convicted of the felony offense of driving while intoxicated, second offense, and placed on probation in accordance with the terms of Article 42.12, Vernon's Code of Criminal Procedure of Texas, 1966, automatically loses his driver's license. The defendant convicted of the misdemeanor offense of driving while intoxicated and placed on probation in accordance with the terms of Article 42.13, Vernon's Code of Criminal Procedure of Texas, 1966, does not automatically lose his driver's license unless and until his probation is revoked and the court enters judgment on the

the finding of guilty in accordance with
the terms of Article 42.13.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ~~Sam Kelley~~
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Gilbert Pena
Douglas Chilton
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright